EXHIBIT 4



**LEMME**
*A T T O R N E Y S*
KENTUCKY & INDIANA

Norman R. Lemme
(1942-2013)

Matthew R. Lemme*

*admitted to practice in
Kentucky and Indiana

November 4, 2025

Floyd County Prosecutor, Chris Lane
Deputy Prosecuting Attorney, Delmas Philpot
Office of the Floyd County Prosecutor

RE: Courtney Bachmann

Greetings,

I am writing to acknowledge and partially respond to your communication regarding Courtney Bachmann. On or about September 3, 2025, police executed search warrants in the matter of State of Indiana v. Henry Bachmann. Those warrants, in which Judge Stiller authorized the searches and seizures of property in Indiana and Kentucky, specified items which could be seized. In searches of the business where Courtney Bachmann works, and of her home, cash funds were seized. This seizure was beyond the scope of what was permitted under the warrant. The seizure of cash has well established limits under the law. You know that, and so do the police. That is why the limiting language was put in the requested search warrant in the first place.

On September 5, 2025, Henry Bachmann filed a Motion for the return of seized property including property seized from his home and businesses. The State resisted the return of the property and agreed with the Court, to not schedule a hearing on the Defendant's Motion. During the period of inaction on Mr. Bachmann's motion that you requested, you had ex parte communication with the Court regarding Mr. Bachmann, his seized property, your strategy to retain the property, and the scheduling/sequence of events for this strategy.

On October 7, 2025, at a hearing in the Bachmann matter, your office was confronted with the statutes that you cited which set forth all deadlines for filing a civil forfeiture had been missed. The statute required the immediate return of the property. Rather than obey the law, your office engaged in yet another maneuver, which was to request and receive from Judge Stiller a sealed warrant for Courtney Bachmann with no bond allowed. This was in spite of, or perhaps because of Ms. Bachmann's personal presence in the courtroom earlier that morning.




Courtney was arrested on October 9, 2025. After the warrant had been executed, I went to Floyd Superior Court 1 while it was in session, and attended by a Deputy Prosecuting Attorney. I inquired of the Court whether Ms. Bachmann would be brought to Court and whether a bond could be set. I was seated at counsel table with the Deputy Prosecutor. The Court advised that Courtney would not be brought to court until the following day. On the matter of bond, the Court said that a bond would not be allowed unless the State agreed. The State would not agree. I requested that I be given a copy of the charging information for Ms. Bachmann. The Court would not allow the sealed warrant and charges to be unsealed or provided, unless the State agreed. The State would not agree.

The obvious and intended result was that Courtney Bachmann would spend the night in jail, without bond, not knowing what her charges were. It is a policy or custom of the Court, which your office is aware, to unseal a sealed warrant and case only at the Initial Hearing, and on the record. The situation for Mrs. Bachmann on the morning of her initial hearing was that the State unlawfully retained possession of money seized from her home and the business. She was broke, with no bond, on unknown charges. She was placed in a position where she would not have funds to hire an attorney, and wouldn't even have sufficient information about the charges against her for an attorney to quote a fee.

I appeared for Mrs. Bachmann at her initial hearing. The potential for a conflict in representation of Henry Bachmann and Courtney Bachmann was known, but whether an actual conflict existed could not be known, by your design.

The State has been ordered to return certain money, and to account for money seized. The Floyd County Prosecutor has yet to comply with the Order of the Court. I represent Henry Bachmann and Courtney Bachmann in civil matters related in part to the events described here. I am counsel of record for Courtney in her criminal case which is subject to an Initial Hearing on an Amended Information. Our case law in Indiana makes plain that Courtney and Henry Bachmann are able to waive a conflict of dual representation in this matter. I believe that this is never ideal, even if allowed.

Courtney is seeking independent counsel that may advise her regarding your suggestion of an offer, and offer. I am hopeful that she will have counsel in place and can respond to your inquiries and offers soon. If your office would do what it has been ordered to do in regard to money and its unauthorized possession, this may assist Courtney in exercise of her right to counsel.

Regards,

Matthew R. Lemme



**LEMME**
*ATTORNEYS*
KENTUCKY & INDIANA

Norman R. Lemme
(1942-2013)

Matthew R. Lemme*

C. Anthony Singleton

*admitted to practice in
Kentucky and Indiana

March 10, 2026

Hon. Chris Lane and Deputies
Floyd County Prosecutor
311 Hauss Square
New Albany, IN 47150

RE: Henry Bachmann claims in Kentucky and Indiana

Greetings Counsel,

You are surely familiar with the upheaval in our neighbor city and state following the service of a search warrant in 2020. The service of that warrant resulted in the death of an occupant of the subject apartment, Breonna Taylor.

In the 6 years since the incident, Kentucky's legislature passed a law involving search warrants in 2021. Louisville Metro Council passed an ordinance banning "no knock" warrants. Kentucky's Attorney General formed a Search warrant task force in 2021. The Kentucky League of Cities developed policies to be used throughout the Commonwealth in other cities. District and Circuit Judges in Jefferson County developed policies and procedures to see that search warrants were handled fairly and efficiently. LMPD updated its policies, procedures, and forms.

Surely with all of that effort, no one anticipated that the Floyd County Indiana Prosecutor would make up out of whole cloth a procedure to "localize" Indiana search warrants in Kentucky. I invite you to begin an inquiry with Lexis or Westlaw to satisfy yourselves that there is no such thing as localizing a foreign search warrant. Your office even created documents and Orders to be presented to a Kentucky Court in support of this flawed notion of localization. Perhaps it was through the use of AI that your office crafted a document similar to what might be used to obtain a subpoena in another state.

In reliance upon your documents and procedure, Louisville Police acted, in several instances, to serve "localized" Indiana warrants. It is as old as the law itself that orders issued




without jurisdiction are void. I don't know why you would repeatedly put Judge Stiller in the position to do such a thing. I don't know why she failed to recognize the obvious problem. Perhaps the accompanying "forms" you prepared which would "certify" the search warrant may have caused her to belief your procedure was in order.

After wryly arguing that Mr. Bachmann's recourse, if any, is in Kentucky courts, your office has referred to US. V. Leon and its good faith exception for police that act upon technically deficient warrants. Cases, including Leon itself, are clear that this exception would never extend to facially invalid or void warrants. There is surely no good faith exception for Indiana attorneys manufacturing a procedure, including forms and orders for presentation to a Kentucky court. Jurisdiction is not a technical defect.

The result of this cross jurisdictional fiasco is that police seized property, including cash in Kentucky. It appears but is not confirmed, that the property was removed to Indiana as part of your concocted jurisdictional netherworld. What followed was a series of maneuvers intended to have the property forfeited in Indiana. To this end, your office directly communicated, ex parte, with Judge Stiller about your plans to retain outside counsel to represent the State in a forfeiture action. At your request Judge Stiller held proceedings by not scheduling a hearing to allow your strategy to be implemented. You need not be reminded that you failed to file a forfeiture in time, but retained funds anyway.

This issue extends beyond any suppression issue. Bachmann's clearly establish constitutional rights were violated – by the actions of your office – in Kentucky. The absolute immunity extended to judges and prosecutors does not extend to actions taken without authority and without jurisdiction. You have done this in other cases, which will be discovered.

You have placed police officers in Kentucky and Indiana in legal peril. Their "good faith" defense will be that they trusted you. The response to that defense will be, with significant support, that even non-lawyers are charged with knowledge of the obvious flaw in your procedures. Your procedure arguably misled Judge Stiller, and certainly mislead judges in Kentucky.

The ACR rules expressly prohibit what the State has done in sealing records. Recently a deputy has denied in an email doing exactly and precisely what he did – in an email – as it relates to ACR matters.

Your office has argued against revealing ex parte written communications with the court claiming it is a "fishing expedition." It seems that the appropriate response would have been to truthfully state that there aren't any fish. Of course that cannot be done.

I believe that you must request the appointment of a special prosecutor. Your office has become compromised in this case. Your office has a direct conflict. Members of your office and court staff will be necessary witnesses in current litigation in Indiana and Kentucky. Your involvement in future litigation in Kentucky seems likely. The conduct of your office has become a primary defense in the criminal case. I believe, that because of these circumstances, your office is not able to properly evaluate a proper resolution to the case. I

believe that the defense cannot ask you to evaluate a resolution of the case given the circumstances described.

Please inform me of your decision as soon as you are able.

Sincerely,

Matthew R. Lemme