UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | | |
|---|---|---|
| HENRY BACHMANN, *et al.* Plaintiff | ) | |
| v. | ) | NO. 3:26-CV-536-CRS |
| CHRIS LANE, *et al.* Defendants | ) | |

---

**ANSWER**

Defendants Scott Claxon, Charles Mathieson, Robert Doolin, Kody Despain, and Louisville-Jefferson County Metro Government ("Metro Government") (collectively "Defendants"), by and through counsel, and for their Answer to Plaintiffs' Amended Complaint, states as follows:

1. Paragraph 1 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

2. Defendants deny the allegations contained in paragraph 2.

3. Paragraphs 3, 4, 5, 6, 7, 8, and 9 assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations.

4. Defendants are without sufficient knowledge to admit or deny the veracity of the allegations contained in paragraphs 10, 11, and 12. To the extent a response is required, Defendants deny the allegations.

5. Paragraphs 13, 14, 15, 16, and 17 do not pertain to these Defendants. To the extent a response is required, such allegations are denied.

6. Defendants admit the allegations contained in paragraph 18 of the Amended Complaint insofar Defendants Claxon, Mathieson, Doolin, and DeSpain were officers of the Louisville Metro Police Department on or about September 3, 2025. The remaining allegations are denied.

7. Paragraph 19 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations.

8. Paragraphs 20, 21, 22, and 23 do not pertain to these Defendants. To the extent a response is required, such allegations are denied.

9. Defendants admit the allegations contained in paragraph 24 of the Amended Complaint insofar Defendant Metro Government is a consolidated local government pursuant to KRS 67C.101 *et seq*. which maintains a police department known as the Louisville Metro Police Department. The remaining allegations are denied.

10. Paragraphs 25, 26, 27, 28, 29, 30, and 31 do not pertain to these Defendants. To the extent a response is required, such allegations are denied.

11. Paragraphs 32 and 33 assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations.

12. Defendants admit the allegations contained in paragraphs 34 and 35 of the Amended Complaint insofar as a search warrant, authorized by a Jefferson County Circuit Court Judge, was legally executed on or about September 3, 2025 at 2420

West Main Street, Louisville, KY. Evidence was seized as a result of the execution of that search warrant, including currency. The remaining allegations are denied.

13. Paragraphs 36 and 37 assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations.

14. Paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48 do not pertain to these Defendants. To the extent a response is required, such allegations are denied.

15. Defendants deny the allegations contained in paragraphs 49 and 50.

16. Paragraphs 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, and 66 do not pertain to these Defendants. To the extent a response is required, such allegations are denied.

17. Paragraphs 67, 68, 69, and 70, assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations.

18. Paragraphs 71, 72, 73, 74, 75, 76, 77, 78, and 79 do not pertain to these Defendants. To the extent a response is required, such allegations are denied.

19. Defendants deny the allegations contained in paragraphs 80, 81, 82, and 83.

20. In response to Paragraph 84, Defendants restate and incorporate by reference all answers and defenses set forth above.

21. Paragraph 85 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the factual allegations.

22. Paragraph 86 does not pertain to these Defendants. To the extent a response is required, such allegations are denied.

23. Defendants deny the allegations contained in paragraphs 87, 88, and 89.

24. In response to Paragraphs 90, 95, 104, 109, 113, 118, and 129 Defendants restate and incorporate by reference all answers and defenses set forth above.

25. Paragraphs 91,92, 93, 94, 96, 97, 98, 99, 100, 101, 102, 103, 105, 106, 107, 108, 110, 111, 112, 114, 115. 116, 117, 119, 120, 121, 122, 123, 124, 125, and 126 do not pertain to these Defendants. To the extent a response is required, such allegations are denied.

26. Defendants deny the allegations contained in paragraphs 127, 128, 130, and 131.

27. Any factual allegation not expressly addressed is denied.

First Defense

28. The Complaint Fails to State a claim for which relief may be granted.

Second Defense

29. The injuries and damages claimed in the Complaint were caused in whole or in part by the actions of Plaintiffs and/or a third party.

Third Defense

30. Defendant Metro Louisville is entitled to absolute and sovereign immunity for any state law claims.

Fourth Defense

31. Plaintiffs' action is barred, in whole or in part, by Defendants' entitlement to qualified immunity and/or any other applicable immunity as at all times relevant to the Complaint, Defendant acted in good faith and in accordance with clearly established law. Defendants' actions were objectively reasonable.

Fifth Defense

32. The Plaintiffs' injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which Defendant has no control or for which this Defendant has no responsibility or liability.

Sixth Defense

33. Defendants affirmatively pleads each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to statute of limitations, waiver, laches and estoppel, to the extent such defense or defenses are or may be applicable.

Seventh Defense

34. Plaintiffs have failed to mitigate damages, if any, and are therefore barred from relief.

Eighth Defense

35. The Complaint fails to allege facts sufficient to permit an award of punitive damages against Defendants.

Ninth Defense

36. The above styled action may be barred by arbitration and award, accord and satisfaction, estoppel, waiver, release, and any other matter constituting an avoidance or affirmative defense.

Tenth Defense

37. The search warrant in question was supported by probable cause.

Eleventh Defense

38. The search warrant in question was effectuated with reasonable force.

Twelfth Defense

39. This Court should abstain from this civil action pursuant to the *Younger* doctrine.

Thirteenth Defense

40. Defendant expressly reserves the right to file further pleadings and to assert additional defenses as the proof develops.

WHEREFORE, Defendants Louisville/Jefferson County Metro Government, Scott Claxon, Charles Mathieson, Robert Doolin, and Kody Despain respectfully request:

1. That the Amended Complaint be dismissed and held for naught;
2. For its costs herein expended;
3. Trial by Jury;
4. For leave to amend this Answer to conform to the evidence;
5. For leave to amend this Answer for affirmative defenses to conform to the evidence; and

For any and all other appropriate relief to which they may appear entitled.

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/Andrew Miller
Andrew Miller
Assistant Jefferson County Attorney
200 S. Fifth Street, Ste. 300N
First Trust Centre
Louisville, KY 40202
502-574-0006
Andrew.miller@louisvilleky.gov
*Counsel for Louisville Metro Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned filed the above on September 22, 2026 using the Court's CM/ECF system which will send copies to all counsel of record.

/s/ Andrew Miller
Andrew Miller